UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY EUGENE SCALLY, CDCR #G-7776,<br><br>                                    Plaintiff,<br><br>     vs.<br><br>A. FLORES and E. VEGA, Correctional Officers,<br><br>                                    Defendants. | Case No.:  22cv0182-DMS (MDD)<br><br>**ORDER:**<br><br>**(1)  GRANTING MOTION TO PROCEED IN FORMA PAUPERIS, and**<br><br>**(2)  DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)** |

On February 7, 2022, Plaintiff Tony Eugene Scally, a state prisoner proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.  (ECF No. 1.)  On February 14, 2022, the Court dismissed the Complaint because Plaintiff failed to pay the civil filing fee or submit an application to proceed In Forma Pauperis ("IFP").  (ECF No. 3.)  Plaintiff submitted a copy of his inmate trust account statement on March 4, 2022, and filed a motion to proceed IPF on March 7, 2022.  (ECF Nos. 4-5.)

**I.     Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

$402.[1] *See* 28 U.S.C. § 1914(a).  The action may proceed despite a failure to prepay the entire fee only if leave to proceed IFP is granted pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).  Section 1915(a)(2) also requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1) & (4). The institution collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which the account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid.  *See* 28 U.S.C. § 1915(b)(2).  Plaintiff remains obligated to pay the entire fee in monthly installments regardless of whether their action is ultimately dismissed.  *Bruce v. Samuels*, 577 U.S. 82, 84 (2016); 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

In support of his IFP Motion, Plaintiff has submitted two copies of his California Department of Corrections and Rehabilitation ("CDCR") Inmate Statement Report dated February 23, 2022, and March 1, 2022.  (ECF No. 4 at 1; ECF No. 5 at 6.)  The first statement, which is closer in time to the filing of the Complaint, indicates that during the six months prior to filing suit Plaintiff had an average monthly balance of $188.46, average monthly deposits of $61.67, and had an available balance of $147.62 in his account at the time he filed suit.  (ECF No. 4 at 1.)  Plaintiff's Motion to Proceed IFP is **GRANTED**.  The Court assesses an initial partial filing fee of $37.69.  Plaintiff remains obligated to pay

---

[1] In addition to a $350 fee, civil litigants, other than those granted leave to proceed IFP, must pay an additional administrative fee of $52.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)).

the remaining $312.31 in monthly installments even if this action is ultimately dismissed. *Bruce*, 577 U.S. at 84; 28 U.S.C. § 1915(b)(1)&(2).

## II.     Screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

### A.     Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-Answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).") Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a

source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### B. Plaintiff's Allegations

Plaintiff alleges that on October 5, 2020, while he was out of his cell showering, Defendants Correctional Officer Flores and her partner Correctional Officer Vega entered his cell. (ECF No. 1 at 3.) Defendant Flores discovered an "altered razor" in Plaintiff's locker "that I was using to edge my head with, and she wrote me up for 'possession of deadly weapon.'" (*Id.*) Prior to Flores finding the razor, Defendant Vega, while doing his 2:00 p.m. security check, saw Plaintiff cutting his hair with the razor, which was attached to a bright orange handle. (*Id.*) Plaintiff at that time asked Vega when he was going to start the showers, and Vega responded that he had to ask the tower. (*Id.*)

Plaintiff claims Defendant Flores failed to follow California Department of Corrections and Rehabilitation ("CDCR") polices, rules and regulations regarding "possession of contraband." (*Id.*) He claims Flores falsely charged him with possession of a deadly weapon even though there was no evidence he tried to use the razor as a weapon to harm others. (*Id.*) Without such evidence, he contends, his possession of the razor could be considered at most possession of contraband under CDCR policies, rules and regulations. (*Id.*) Plaintiff claims Flores was deliberately indifferent in failing to look at Plaintiff's "C-file" to see he had no history of possessing weapons in his 13 years in prison. (*Id.*) He claims Vega failed to tell Flores he saw Plaintiff using the razor to cut his hair earlier that day, failed to report Flores' misconduct of falsely reporting that the razor constituted a deadly weapon, and failed to gather information or evidence to prove Plaintiff was not using the razor as a weapon. (*Id.*) Plaintiff claims that prisoners are allowed to have razors in their cell provided they do not use them as weapons. (*Id.*)

Plaintiff states that on October 5, 2020, he was sent to the Administrative Segregation Unit ("Ad-Seg") for "possession of a deadly weapon." (*Id.* at 4.) He states that due to Defendant Flores' misconduct and falsification of charges: "I was given an additional year in prison for simply altering a state issued razor. I am also currently being prosecuted in Imperial County and facing life in prison." (*Id.*) Plaintiff claims that he was due to be released from custody on February 26, 2022, but as a result of Defendants' actions his release date has been changed to August 21, 2023. (*Id.*) He states that if he had been charged with possession of contraband he would have lost at most 30 days of custody credits, but instead lost one year of credits. (*Id.*) He alleges Defendants Flores and Vega "are aware of these rules and they both knowingly overlooked the truth, violated the rules, and falsified documents that subjected me to cruel and unusual punishment." (*Id.*)

In addition to a state law claim for negligence, Plaintiff claims violations of his Fifth Amendment right to due process, his Eighth Amendment right to be free from cruel and unusual punishment, and his Fourteenth Amendment rights to due process and equal protection. (*Id.* at 3-5.) He requests monetary damages and an injunction preventing Defendants from retaliating against him or from falsifying documents in the future against other inmates. (*Id.* at 7.)

### C. Analysis

Plaintiff's allegations that Defendants falsely charged him with possession of a deadly weapon in violation of CDCR policies, rules and regulations, by itself, fails to state a 42 U.S.C. § 1983 due process claim because "a prisoner does not have a constitutional right to be free from wrongfully issued disciplinary reports." *Buckley v. Gomez*, 36 F.Supp.2d 1216, 1222 (S.D. Cal. 1997), aff'd, 168 F.3d 498 (9th Cir. 1999); *see also Ove v. Gwinn*, 264 F.3d 817, 824 (9th Cir. 2001) (holding that violations of prison rules and regulations, without more, do not support a §1983 claim). This is because the procedural protections available in disciplinary proceedings adequately protect a prisoner's federal constitutional right to due process. *See e.g. Gadsden v. Gehris*, No. 20cv0470-WQH (DEB), 2020 WL 5748094, at *8 (S.D. Cal. Sep. 25, 2020) ("The allegations of the filing

of false disciplinary charges by itself does not state a claim under 42 U.S.C. § 1983 because federal due process protections are contained in the ensuing disciplinary proceedings themselves.")  There are no allegations in the Complaint that Plaintiff was deprived of any procedural due process protections in connection to the disciplinary charge.  Thus, the Complaint as drafted fails to plausibly allege a Fourteenth Amendment due process claim.  And because the only allegations in the Complaint involve state actors, Plaintiff also fails to state a Fifth Amendment claim.  *See Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001) ("The Due Process Clause of the Fifth Amendment and the equal protection component thereof apply only to actions of the federal government - not to those of state or local governments."), citing *Schweiker v. Wilson*, 450 U.S. 221, 227 (1981).

Neither does the Complaint adequately allege an Eighth Amendment claim.  "[A] prison official violates the Eighth Amendment when two requirements are met.  First, the deprivation alleged must be, objectively, 'sufficiently serious.'"  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).  Second, Plaintiff must allege the prison official he seeks to hold liable had a "sufficiently culpable state of mind," that is, "one of 'deliberate indifference' to inmate health or safety."  *Id.,* quoting *Wilson*, 501 U.S. at 302-03.  A prison official can be held liable only if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id.* at 837.

Although Plaintiff alleges he was placed in Ad-Seg as a result of the disciplinary charge, the Complaint contains no allegations he was subjected to conditions of confinement giving rise to an Eighth Amendment claim, such as, for example, harsh conditions in Ad-Seg.  "The circumstances, nature, and duration" of the conditions in Ad-Seg must rise to the level of "extreme deprivations" as opposed to "routine discomfort inherent in the prison setting" in order to violate the Eighth Amendment.  *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000); *see also Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006) ("[W]hile conditions of confinement may be, and often are, restrictive and

harsh," only conditions which are "devoid of legitimate penological purpose . . . or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment."), citing *Hudson v. Palmer*, 468 U.S. 517, 548 (1984); *see Farmer*, 511 U.S. at 834 (an Eighth Amendment violation occurs where a prisoner is denied "the minimal civilized measure of life's necessities."); *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (an Eighth Amendment violation requires an objectively grave deprivation of humane conditions of confinement); *Whitley v. Albers*, 475 U.S. 312, 319 (1986) ("After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment.")  In order to plausibly allege an Eighth Amendment deliberate indifference claim, Plaintiff must allege facts which show he was placed at risk of "objectively, sufficiently serious" harm by a prison official Defendant who knew of and deliberately disregard that risk. *Farmer*, 511 U.S. at 834.

With respect to the allegation that Plaintiff was denied equal protection because he was charged with possession of a deadly weapon for having an altered razor in his cell whereas other prisoners who possessed altered razors were not charged or charged only with possession of contraband, the Complaint fails to state an equal protection claim because Plaintiff has not alleged Defendants intentionally discriminated against him based on his membership in a protected class. *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013); *Maynard v. City of San Jose*, 37 F.3d 1396, 1404 (9th Cir. 1994) ("Intentional discrimination means that a defendant acted at least in part *because of* a plaintiff's protected status."); *United States v. Whitlock*, 639 F.3d 935, 941 (9th Cir. 2011) ("[N]either prisoners nor 'persons convicted of crimes' constitute a suspect class for equal protection purposes."), quoting *Glauner v. Miller*, 184 F.3d 1053, 1054 (9th Cir. 1999).  To the extent Plaintiff seeks to present a "class of one" equal protection claim, "when it appears that an individual is being singled out by the government, the specter of arbitrary classification is fairly raised, and the Equal Protection Clause requires a rational basis for the difference in treatment." *Engquist v. Oregon Dep't of Agric.*, 553 U.S. 591, 601-02 (2008).  The allegations in the Complaint that Defendant Vega "violated my . . .

equal protection rights," and that Defendant Flores "denied me equal protection that is given to other inmates under the 14th Amendment" and "denied me equal protection of CDCR's rules, policies, and regulations when she falsified documents knowingly" (*see* ECF No. 1 at 2, 5), are entirely conclusory and therefore fails to state a claim. *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim.)

In addition, because Plaintiff alleges his sentence was increased by one year as a result of Defendants' actions in connection to the false charge of possession of a deadly weapon, to the extent success on the merits of any of his claims would necessarily invalidate the disciplinary conviction and shorten the length of his sentence by one year, Plaintiff must allege he has already successfully invalidated his prison disciplinary conviction. "Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983." *Muhammad v. Close*, 540 U.S. 749, 750 (2004). In general, claims of constitutional violations related to the "circumstances" of a prisoner's confinement must be brought in a civil rights action under § 1983, while constitutional challenges to the validity or duration of a prisoner's confinement must be raised in a petition for federal habeas corpus under § 2254. *Id*., citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc) ("The Court has long held that habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action."), citing *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). A claim based on "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," is not cognizable under § 1983 unless Plaintiff "prove[s] that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

The *Heck* favorable termination rule applies to prison disciplinary proceedings which result in the loss of custody credits or otherwise extends a prisoner's sentence. *Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997) (applying *Heck* bar where the "defect complained of by [plaintiff] would, if established, necessarily imply the invalidity of the deprivation of [his] good-time credits.")  "Suits challenging the validity of the prisoner's continued incarceration lie within 'the heart of habeas corpus,' whereas 'a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.'" *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003), quoting *Preiser*, 411 U.S. at 498-99 (holding that a writ of habeas corpus is "explicitly and historically designed" to provide a state prisoner with the "exclusive" means to "attack the validity of his confinement" in federal court). "By contrast, claims challenging a prison's '*procedures* for depriving prisoners of good-time credits' and seeking damages or a prospective injunction - claims which would not necessarily lead to an earlier release - could be brought in a § 1983 action." *Nettles*, 830 F.3d at 928, quoting *Wolff v. McDonnell*, 418 U.S. 539, 554 (1974).  Plaintiff's Eighth Amendment claim, to the extent it relies on a change in conditions of confinement arising from the disciplinary action rather than a challenge to the disciplinary action itself, is likely not barred by *Heck*.  *See Muhammad*, 540 U.S. at 750 ("[R]equests for relief turning on circumstances of confinement [as opposed to the validity of confinement or to particulars affecting its duration] may be presented in a § 1983 action.")

Because Plaintiff's due process and equal protection claims are based on allegations that Defendants' actions in falsely charging him with possession of a deadly weapon have required him to serve an additional year in custody, he may not proceed pursuant to § 1983 with those claims unless and until the increase in his sentence has been invalidated. *Heck*, 512 U.S. at 486-87; *Ramirez*, 334 F.3d at 855-56 ("Absent such a showing, '[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983.'"), *quoting Heck*, 512 U.S. at 489.  This is because success on his claim that he was falsely charged and wrongly convicted of possession of a deadly weapon in violation

of equal protection and due process would necessarily imply the invalidity of his disciplinary conviction on that charge and necessarily imply the invalidity of the resultant extension of his sentence by one year, and consequently affect the duration of his confinement. *Heck,* 512 U.S. at 487; *Balisok*, 520 U.S. at 646-48.

Because Plaintiff does not allege he has invalidated his prison disciplinary conviction or the resultant sentence extending the term of his detention by way of administrative or direct appeal, executive order, or through the issuance of either a state or federal court writ of habeas corpus, to the extent success on the merits of his equal protection and due process claims would necessarily result in the shortening of his sentence, those claims must be dismissed for failing to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).  With respect to Plaintiff's state law claim for negligence, the Court may "decline to exercise supplemental jurisdiction" over any supplemental state law claim if it "has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c); *Sanford v. Member Works, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.")  Because the Court has dismissed all of Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over any state law claims at this time.

### D.  Leave to Amend

In light of his pro se status, the Court grants Plaintiff leave to amend his Complaint in order to attempt to address the pleading deficiencies identified in this Order. *See Rosati v. Igbinoso,* 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"), quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

/ / /

10

22cv0182-DMS (MDD)

### IV.     Conclusion and Orders

Good cause appearing, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. Section 1915(a) (ECF No. 5).

2. **ORDERS** the Secretary of the CDCR, or her designee, to collect from Plaintiff's prison trust account the initial filing fee of $37.69 and thereafter collect the remaining $312.31 filing fee owed by collecting monthly payments from Plaintiff's account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. Section 1915(b)(2).

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Kathleen Allison, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California 94283-0001.

4. **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1) and **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc.*, 896 F.2d at 1546 ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.")

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does

not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")

**IT IS SO ORDERED**.

Dated: March 30, 2022

Hon. Dana M. Sabraw
United States District Judge