UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY EUGENE SCALLY, CDCR #G-67776,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　　　vs.<br><br>CORRECTIONAL OFFICERS A. FLORES and E. VEGA,<br><br>　　　　　　　　　　　Defendants. | Case No.: 22cv0182-DMS (MDD)<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO APPOINT COUNSEL**<br><br>**(2) DISMISSING ALL CLAIMS AGAINST ALL DEFENDANTS EXCEPT FLORES AND VEGA**<br><br>**(3) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF FIRST AMENDED COMPLAINT AND SUMMONS ON FLORES AND VEGA PURSUANT TO 28 U.S.C. § 1915(d) & Fed. R. Civ. P. 4(c)(3)** |

   Plaintiff Tony Eugene Scally is a state prisoner proceeding pro se and in forma pauperis with a First Amended Complaint ("FAC") pursuant to 42 U.S.C. § 1983. (ECF No. 7.) On May 12, 2022, the Court screened the FAC pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b), which require the Court to *sua sponte* dismiss a prisoner's in forma pauperis complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks

damages from defendants who are immune. (ECF No. 8.) The Court found the FAC survived the screening standards of those statutes with respect the First Amendment retaliation claim against Defendants Flores and Vega but not with respect to all remaining claims against all remaining Defendants. (*Id*. at 15.) Plaintiff was given the option of filing a Second Amended Complaint or notifying the Court of his intention of proceeding only against Defendants Flores and Vega with his retaliation claim. (*Id*. at 14.) He was instructed that if he chose to proceed against Defendants Flores and Vega only the Court would order the United States Marshal to serve the summons and FAC on those Defendants and dismiss the remaining claims and Defendants from the FAC. (*Id*.)

Plaintiff has now filed a Notice of Intent to Proceed with First Amendment Retaliation Claim in which he indicates his intention of proceeding only with his retaliation claim against Defendants Flores and Vega. (ECF No. 10.) He has also filed a Motion to Appoint Counsel. (ECF No. 9.)

**I.     Motion to Appoint Counsel**

Plaintiff requests appointment of counsel on the basis that he has a meritorious claim, he has been unable to obtain counsel and cannot afford counsel, and he has had difficulty receiving his legal mail. (ECF No. 9 at 1-5.) There is no constitutional right to counsel in a civil case and the decision to appoint counsel under 28 U.S.C. § 1915(e)(1) is within "the sound discretion of the trial court and is granted only in exception circumstances." *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (noting that only "exceptional circumstances" support such a discretionary appointment). Exceptional circumstances exist where there is cumulative showing of both a likelihood of success on the merits and an inability of the pro se litigant to articulate his claims in light of their legal complexity. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Plaintiff's FAC demonstrates that while not formally trained in law he is capable of legibly articulating the facts and circumstances relevant to his claims. Because Defendants have yet to respond to the FAC, a determination regarding the likelihood of success on the

merits or Plaintiff's ability to prosecute this matter is premature, and therefore exceptional circumstances warranting appointment of counsel do not exist at this time. *See Agyeman*, 390 F.3d at 1103. Thus, the Court **DENIES** Plaintiff's request for appointment of counsel without prejudice to Plaintiff to renew the request if he wishes to do so at a later stage of these proceedings.

## II. Conclusion and Order

Accordingly, good cause appearing, the Court:

1. **DENIES** Plaintiff's Motion to Appoint Counsel without prejudice.

2. **DISMISSES** all claims against all Defendants in Plaintiff's First Amended Complaint with the exception of Plaintiff's First Amendment retaliation claim against Defendants Flores and Vega as set forth in the Court's May 12, 2022, Order.

3. **DIRECTS** the Clerk to issue a summons as to Plaintiff's First Amended Complaint (ECF No. 7) for Defendants Flores and Vega and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each of these Defendants. The Clerk will provide Plaintiff with certified copies of his First Amended Complaint and the summons so that he may serve Defendants. Upon receipt of this "In Forma Pauperis Package," Plaintiff must complete the USM Form 285 as completely and accurately as possible, *include an address where Defendants may be found and/or subject to service* pursuant to S.D. Cal. CivLR 4.1(c), and return the forms to the United States Marshal according to the instructions the Clerk provides in the letter accompanying the In Forma Pauperis Package.

4. **ORDERS** the U.S. Marshal to serve a copy of the First Amended Complaint and summons upon Defendants Flores and Vega as directed by Plaintiff on the USM Form 285 provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

5. **ORDERS** Defendants, once served, to reply to Plaintiff's First Amended Complaint and any subsequent pleading Plaintiff files in this matter in which Defendants are named as a party within the time provided by the applicable provisions of Federal Rules of Civil Procedure 12(a) and 15(a)(3). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may

occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening Defendants are required to respond).

6. **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants, or if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk, a certificate stating the manner in which a true and correct copy of that document has been served on Defendants or their counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon a Defendant, or their counsel, may be disregarded.

**IT IS SO ORDERED**.

Dated: June 3, 2022

Hon. Dana M. Sabraw
United States District Judge